UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No.: 20-cr-20430
        Hon. Gershwin A. Drain

D-1 RAAD KOUZA,
D-2 RAMIS KOUZA,

        Defendants.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION IN LIMINE AS TO GOVERNMENT'S PROPOSED EXHIBITS
REGARDING ADMINISTRATIVE HEARINGS [#67]</u>**

    I.      INTRODUCTION

Defendants Raad Kouza and Ramis Kouza are charged by Indictment with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349. Defendant Raad Kouza is also charged with six counts of health care fraud in violation of 18 U.S.C. § 1347. Now before the Court is Defendant Raad Kouza's Motion in Limine as to Government's Proposed Exhibits Regarding State Administrative Hearings. Defendant Ramis Kouza filed a Notice of Joinder/Concurrence in Defendant Raad Kouza's Motion in Limine. This matter is fully briefed.

In the present motion, Defendants seek to exclude Government Exhibits 301 through 332 relating to an investigation by the Michigan Department of Health and Human Services Office of Inspector General ("MDHHS-OIG") and subsequent administrative hearings concerning Medicaid's purported overpayment to the five pharmacies at issue in this matter. The Government has since withdrawn the following exhibits: GX301, 305, 308, 312, 314, 316, 318, 320, 322-323, 326, and 330. For the reasons that follow, the Court grants in part and denies in part Defendants' Motion in Limine.

## II. FACTUAL BACKGROUND

From 2010 through 2019, the Government alleges that Defendants Raad and Ramis Kouza engaged in a scheme to defraud Medicare, Medicaid, and Blue Cross Blue Shield of Michigan (BCBSM). The Government further maintains that the Defendants accomplished this scheme through their ownership and control of five pharmacies: ER Drugs, Seaway, Food Town, Rockwood, and St. Paul. According to the Government, Defendants consistently billed Medicare, Medicaid, and BCBSM for drugs they did not have the inventory to dispense, resulting in massive fraud in excess of $7 million.

Beginning in 2016, state investigators with the MDHHS-OIG opened a civil investigation into each of the five pharmacies. The MDHHS-OIG sent Notices of Preliminary Findings of overpayments sent to the five pharmacies, alleging that

Medicaid had overpaid the five pharmacies by amounts totaling $1.2 million. The investigations proceeded through formal hearings at which Raad Kouza testified, and ultimately resulted in MDHHS issuing Final Orders of overpayment against each of the pharmacies. The MDHHS investigation led to the federal criminal investigation.

### III. LAW & ANALYSIS

#### A. Notices of Preliminary Findings [GX 307, 313, 319, 327, and 332]

Defendants argue that the Notices of Preliminary Findings, which include attached invoice reconciliation spreadsheets and state a specific monetary amount alleged to be a Medicaid Fee for Service (MFS) overpayment to the pharmacies, would usurp the function of the jury and the admission of these exhibits are also prohibited as testimonial statements in violation of *Crawford v. Washington*, 541 U.S. 36, 62 (2004). Defendants further assert that the Government acknowledges that GX 313, 319, and 327 were not sent to Raad Kouza, thus the Government's argument that these exhibits are admissible to show "effect on the listener" is without merit.

Moreover, Defendants argue the amounts stated on the Preliminary Findings are not relevant under 403 as to the "effect on the listener" and violate the principles stated in *United States v. Sine*, 493 F.3d 1021 (9th Cir. 2007). Defendants also maintain that the Government's reliance on *United States v.*

3

*Churn*, 800 F.3d 768 (6th Cir. 2015), is misplaced because the evidence admitted in that case consisted of a single email to show the effect on a witness, not a defendant. Whereas here, the Government seeks to admit the Notices of Preliminary Findings from five separate investigations that contain summaries of multi-year investigations. As such, Defendants argue that these exhibits will unduly influence the fact finder and cause undue prejudice.

    The Government counters that the Notices of Preliminary Findings are not being offered to prove the truth of the matter asserted. Instead, the Government argues that these documents will be offered for their effect on Raad and Ramis Kouza and as evidence that both individuals were continually put on notice that their pharmacies were running high shortages and overbilling Medicaid. The Government asserts that this evidence goes directly to Defendants' knowledge and intent, particularly considering that despite receiving such communications, the Defendants continued to overbill Medicare and Medicaid for drugs that were not dispensed. The Government further asserts that this evidence addresses two of the jury instructions submitted to the Court—the deliberate ignorance instruction and the good faith defense instruction. The Government also argues that Defendants' *Crawford* concern is obviated by the testimony of MDHHS-OIG Investigative Unit Manager Jacob Kwasneski, who will testify regarding the state Medicaid overpayment proceedings.

The Defendants rely heavily on *United States v. Sine*, 493 F.3d 1021 (9th Cir. 2007), in support of their argument that the Notices of Preliminary Findings contain impermissible hearsay, and violate Rule 403 of the Federal Rules of Evidence. In *Sine*, the defendant-lawyer was indicted for wire fraud relating to his role in a pyramid scheme that defrauded investors of more than two million dollars. *Id*. at 1023, 1026. At his criminal trial, the prosecution "repeatedly referred to the factfinding and derogatory character assessments of" an Ohio federal district court judge made in a related civil matter. *Id*. at 1024. The order was not admitted into evidence; however, "the government asked more than two hundred questions of various defense witnesses about both the findings and the pervasively negative flavor of [the judge's] order, providing in the course of doing so a thorough account of the order for the jury." *Id*. at 1028, 1031.

In *Sine*, unlike the facts here, the government did not argue the Ohio district judge's order was being admitted for a non-hearsay purpose. *Id*. at 1036 (concluding "the government used the order to establish the truth of [the judge's] order."). Thus, the prosecution's reference to the Ohio district judge's order "constituted the impermissible use of hearsay" prohibited by Rule 802 of the Federal Rules of Evidence.

The *Sine* court also concluded that while relevant to the criminal action, the repeated reference to the civil order violated Rule 403 because "the nature of the

5

facts found and comments made by [the judge]–directly opining on" the defendant's motive and truthfulness implicated the defendant's "overall credibility as a witness[,]" and thus "heavily weigh[ed] on the unfair prejudice side of the balance." *Id*. at 1034. In so concluding, the *Sine* court noted that the Government "could have proved the facts in [the judge]'s findings through less prejudicial means." *Id.* at 1035.

Here, as an initial matter, the Government concedes that GX 313, 319, and 327 were not sent to Raad Kouza. Nor were any of the Notices of Preliminary Findings sent to Ramis Kouza, rather they were sent to Ramis Kouza's employees. The Government claims evidence at trial will show that Raad and Ramis Kouza handled the responses to the MDHHS Investigation. Thus, the Government must lay a proper foundation before any of the Notices of Preliminary Findings are admitted as to Ramis Kouza, and similarly, must lay a proper foundation for admitting GX 313, 319 and 327 as to Raad Kouza. Therefore, assuming that the Government can establish Raad and Ramis Kouza received GX 307, 313, 319, 327, and 332,[1] these exhibits are admissible as non-hearsay statements to show the effect on the listener and his notice that the pharmacies were being investigated for overbilling Medicaid. However, the estimated overpayment amount on the Notices

---

[1] Because GX 307 and 332 were sent to Defendant Raad Kouza personally, a proper foundation has been made as to his receipt of these Notices.

and the attached invoice reconciliation sheets are to be redacted as they violate Rule 403. Additionally, the Court will give a limiting instruction.

Rule 402 of the Federal Rules of Evidence permits the admission of only relevant evidence. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 allows the admission of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Hearsay is inadmissible unless the statements fall within a recognized exception to the hearsay rules. *See* Fed. R. Evid. 802. Hearsay is defined as a statement that "the declarant does not make while testifying at the current trial or hearing" and the statement is offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Sixth Circuit has held that "[a] statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *United States v. Churn*, 800 F.3d

768, 776 (6th Cir. 2015). A statement is not hearsay when "it is offered, not for its truth, but to show that a listener was put on notice." *United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013); *see also United States v. Graham*, 51 F.4th 67, 83 (2d Cir. 2022)("The evidence was introduced not for the truth of the matter asserted—i.e., that Graham's actions were in fact illegitimate—but rather to show her fraudulent intent and, indeed, her knowledge that she was breaking the law.").

The Government seeks to admit GX 307, 313, 319, 327, and 332 not for their truth, but rather to show their effect on Raad and Ramis Kouza and that they were put on notice that the pharmacies were potentially receiving overpayments from Medicaid. Evidence that Raad and Ramis Kouza were put on notice in 2016 that ER Drugs, Seaway, Food Town, Rockwood, and St. Paul pharmacies had massive shortages leading to overpayments in violation of Medicaid policy, and continued the billing practices leading to the overpayments through 2019 is relevant to Defendants' good faith defense. *See United States v. Moseley*, 980 F.3d 9, 27 (2d Cir. 2020)("[B]orrower complaints about illegal practices by Moseley's business served to put Moseley on notice of their potential illegality. That he continued to operate his business despite these notices makes the complaints probative of his intent to violate the law.").

While the Court concludes the Notices of Preliminary Findings are relevant and offered for a non-hearsay purpose, this is not the end of the inquiry. The Court

must also determine whether the probative value of the Notices is substantially outweighed by the danger of unfair prejudice under Rule 403. The Court finds that the probative value of certain portions of these Notices—the estimated overpayment amounts and invoice reconciliation spreadsheets—is substantially outweighed by the danger of unfair prejudice. These figures and spreadsheets may confuse the jury, as well as may usurp the jury's fact-finding role concerning the amount of the overpayments. These Notices pose a significant risk that the jury will defer to the findings of the MDHHS-OIG investigative findings. Thus, the estimated overpayment amount and the invoice reconciliation spreadsheets are inadmissible under Rule 403 and this information shall be redacted. Finally, the parties are to draft a proposed limiting instruction to guide the jury's consideration of the Notices of Preliminary Findings only for their effect on Raad and Ramis Kouza, not for the truth of the matters asserted therein. The Defendants' request to exclude the Notices of Preliminary Findings is granted in part and denied in part.

### B. Final Orders of Overpayment [GX 306, 315, 321, 325, and 331]

The Government also seeks to admit five Final Orders from the MDHHS proceedings in a redacted form. Specifically, the Government has agreed to remove the proposals for decision that are attached to the Final Orders. Thus, only the first three pages of the Final Orders would be admitted. The Government argues that the Final Orders are admissible to establish the following facts: (1)

9

there was a Final Order issued by the Department of Health and Human Services, (2) the Final Order was issued during the pendency of the alleged conspiracy, (3) the amount specified in the Final Order was against the individual pharmacy, and (4) Defendants received notice of the order through service once it was issued. The Government asserts that their redaction of the proposals for decision comports with the decision in *Sine*, while still allowing the Government to introduce relevant facts of each Final Order. Conversely, Defendants argue that the Government fails to explain how these Final Orders would show "notice." Moreover, the amounts contained in the Final Orders would create unfair prejudice and needlessly present cumulative evidence.

Here, the Government incorrectly argues that introducing the final orders comports with the *Sine* decision. As an initial matter, the Ohio district judge's order was never admitted into evidence in the *Sine* case. 493 F.3d at 1031. Moreover, the *Sine* court recognized that the use of facts "found in a judicial opinion can unfairly prejudice a party." *Id*. at 1034. While the *Sine* court concluded that such admission will not always fail the balancing test of Rule 403, in the *Sine* defendant's case, it did because "the government could have proved the facts in [the district judge's] findings through less prejudicial means." *Id*. at 1035. Thus, the *Sine* court was "unwilling to condone" the government's "prejudicial shortcut." *Id*.

The Government argues that the Final Orders are non-hearsay because they are being introduced to show notice to the Defendants that they were overbilling Medicaid. However, the Government has provided no authority for its contention that the probative value of the Final Orders substantially outweighs the danger of unfair prejudice. The Government has further not specified how the Defendants received notice of the Final Orders, which were issued at the tail end of the conspiracy. Moreover, like the facts in *Sine*, the Government can establish the conclusion in the Final Orders, specifically, that overpayments were made through the testimony of MDHHS Investigator Kwasneski. The fact that Defendants Raad and Ramis Kouza had notice of the MDHHS proceedings will be shown through the Notices of Preliminary Findings, assuming the Government lays a proper foundation. Thus, admitting the Final Orders would needlessly present cumulative evidence in contravention of Rule 403.

Additionally, the monetary amounts in the final orders may also cause unfair prejudice contrary to Rule 403 as the jury may defer to the findings made by the MDHHS rather than determine those facts for themselves. Where the burden of proof in the MDHHS proceedings is "by a preponderance of the evidence," and the Government's burden in this case is "beyond a reasonable doubt," admission of the orders would undoubtedly create a prejudicial shortcut unauthorized by the Federal Rules of Evidence. Defendants' request to exclude the Final Orders is granted.

### C. Raad Kouza's Testimony in MDHHS Proceedings [GX 302, 303, 304, 309, 310A, 311, 317, 324, 328, 329]

The Government also seeks to admit GX 302, 303, 304, 309, 310A, 311, 317, 324, 328, and 329, which are portions of transcripts from the MDHHS administrative hearings regarding ER Drugs, Food Town Drugs, Rockwood, Seaway, and St. Paul. These exhibits are all transcripts of Raad Kouza's testimony at the administrative hearings. The Government argues these statements are admissible as co-conspirator statements pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence.

Rule 801(d)(2)(E) provides that a statement is not hearsay when it is offered against an opposing party and "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). In order to admit the statements of a co-conspirator against a defendant as non-hearsay under 801(d)(2)(E), this Court must find, consistent with *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978), that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the statements during the course and in furtherance of the conspiracy. *See United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999). To make such a determination, the Court may admit the statement under the Rule "(a) after the government has established the conspiracy by a preponderance at the trial, or (b) at

a 'mini-hearing,' or (c) conditionally subject to connection[.]" *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979).

Generally, "a statement is 'in furtherance of' the conspiracy if it is intended to promote the 'objectives of the conspiracy.'" *United States v. Warman*, 578 F.3d 320, 338 (6th Cir. 2009). The *Warman* court provided examples of statements made in furtherance of the conspiracy, including those that "identify other co-conspirators and their roles, apprise other co-conspirators of the status of the conspiracy, or indicate the 'source or purchaser of controlled substances.'" *Id.* (citation omitted). The *Warman* court further noted "a statement may be in furtherance of a conspiracy 'even if not exclusively, or even primarily, made to further the conspiracy.'" *Id.* (citing *United States v. Tocco*, 200 F.3d 401, 419 (6th Cir. 2000). Conversely, "mere idle chatter or casual conversation about past events is not considered a statement in furtherance of the conspiracy." *Id.*; *see also United States v. Hamilton*, 689 F.2d 1262, 1270 (6th Cir. 1982) (holding that statements need not "actually further" the conspiracy so long as they were "intended to" do so). "Whether a statement was in furtherance of a conspiracy turns on the context in which it was made and the intent of the declarant in making it." *Warman*, 578 F.3d at 338.

As an initial matter, the witness declarant is not identified in GX 303, 304, 310A, 311 and 329.

GX 302, 309 and 317 contain Raad Kouza's statement confirming an ownership interest in ER Drugs, Food Town Drugs and Rockwood Pharmacy. GX 309 also contains Raad Kouza's admission that he is responsible for following Medicaid rules as a Medicaid provider. The Government argues these admissions are squarely relevant to the Government's allegations that Raad Kouza owned and controlled each of the pharmacies during the charged timeframe. The Government maintains these admissions demonstrate Raad Kouza's knowledge and intent to defraud Medicaid through his ownership of the pharmacies. The Government asserts that these admissions made during the course of the conspiracy, in an effort to dispute and avoid liability for Medicaid overpayments. The Government argues these statements are admissible as statements of a party opponent (as to Raad Kouza) and co-conspirator statements (as to Ramis Kouza). Defendants counter that these statements do not fall within Rule 801(d)(2)(E) as being made "in furtherance of the conspiracy."

The Court concludes that GX302, 309 and 317 do not contain statements "in furtherance of the conspiracy." Defendant Raad Kouza's statements were not made to further the conspiracy's objective. His acknowledgment of ownership in the pharmacies and that he must follow Medicaid rules, while relevant, were not made to further the objectives of the conspiracy. These exhibits may not be admitted against Defendant Ramis Kouza under Rule 801(d)(2)(E). They may be

admitted against Raad Kouza as an opposing party's statement. The parties shall draft a limiting instruction.

GX303 and 304 contain statements about a fire situation at ER Drugs in 2011. GX304 also contains statements about the destruction of the drugs and notifying the government authorities of the losses from the fire. The Government does not explain how these statements are relevant or that they were made in furtherance of the conspiracy. Defendants argue these statements are irrelevant and not made "in furtherance of the conspiracy" under Rule 801(d)(2)(E). Here, because the Government has not explained how the statements in GX303 and 304 are relevant to the charges in the Indictment, the Court will deny their admission at trial.

GX310A contains statements that the pharmacist in charge of the pharmacy is responsible for tracking the drugs dispensed, however computers were not used to track the drugs received from the wholesalers. The statement also confirms that the pharmacists reported to the owner. The Government argues that these statements demonstrate Raad Kouza's knowledge and intent to defraud Medicaid. Defendants argue these statements are irrelevant and not made "in furtherance of the conspiracy" under Rule 801(d)(2)(E). The Court concludes that the statements in GX310A are relevant to Defendant's Raad Kouza's knowledge and intent, however it is unclear how these statements furthered the objectives of the

15

conspiracy. As such, GX310A may be admitted against Raad Kouza as an opposing party's statement, but may not be admitted as a co-conspirator's statement. The parties shall draft a limiting instruction.

GX311 contains statements about the inventory process for brand to generic drugs as to Food Town Drugs. The Government does not explain how these statements are relevant or that they were made in furtherance of the conspiracy. Defendants argue these statements are irrelevant and not made "in furtherance of the conspiracy" under Rule 801(d)(2)(E). Here, because the Government has not explained how the statements in GX311 are relevant to the charges in the Indictment, the Court will deny GX311's admission at trial.

GX324 contains Raad Kouza's statements that he was the owner of Seaway Pharmacy at the outset, but had since sold the pharmacy to Hani Zaher. Raad Kouza also testified that he sold the pharmacy sometime in 2010 and only notified the Board of Pharmacy and not the MDHHS, even though he was required to do so. The Government argues that Raad Kouza's statements contradict public filings by Seaway Pharmacy regarding its corporate ownership structure, and bank records, which show that Raad Kouza was a signatory on Seaway Pharmacy bank accounts. The Government maintains that Raad Kouza's attempt to conceal his ownership of Seaway Pharmacy from the Medicaid investigators is directly relevant to, and in furtherance of, his conspiracy to defraud Medicaid. Defendants

16

argue these statements are irrelevant and not made "in furtherance of the conspiracy" under Rule 801(d)(2)(E).

The Court concludes that the statements in GX324 were not made to further the conspiracy's objective. The Government has not proffered sufficient evidence to suggest Ramis Kouza's involvement with Seaway pharmacy. Thus, these statements could not be made in furtherance of a conspiracy of which Defendant Ramis Kouza was a part. These exhibits may not be admitted against Defendant Ramis Kouza under Rule 801(d)(2)(E). However, if the Government is able to prove by a preponderance of the evidence Defendant Ramis Kouza's involvement in the conspiracy at Seaway pharmacy, the Court will revisit this issue. The statements in GX324 may be admitted against Raad Kouza as an opposing party's statement. The parties shall draft a limiting instruction concerning the admission of this exhibit.

GX328 contains Raad Kouza's statement that he has been associated with St. Paul Pharmacy for about five years. The Government argues this statement is relevant to the Government's allegations that Raad Kouza owned and controlled the pharmacy during the charged timeframe. Defendants argue these statements are irrelevant and not made "in furtherance of the conspiracy" under Rule 801(d)(2)(E). Here, the Court concludes that Defendant Raad Kouza's acknowledgment of association with St. Paul pharmacy was not made to further the

17

objectives of the conspiracy. These exhibits may not be admitted against Defendant Ramis Kouza under Rule 801(d)(2)(E). They may be admitted against Raad Kouza as an opposing party's statement. The parties shall draft a limiting instruction.

GX329 contains a statement that the declarant never billed for any drugs that were not dispensed at St. Paul Pharmacy. The Government fails to explain how this statement is relevant or that it was made in furtherance of the conspiracy. Defendants argue these statements are irrelevant and not made "in furtherance of the conspiracy" under Rule 801(d)(2)(E). The Court concludes that the statements in GX329 are relevant to Defendant's Raad Kouza's knowledge and intent and were made in furtherance of the conspiracy, namely an attempt to conceal the conspiracy at a state investigation concerning alleged Medicaid fraud. Before GX329 may be admitted, the Government must establish by a preponderance of the evidence that a conspiracy existed as to St. Paul Pharmacy. *Vinson*, 606 F.2d at 153.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion in Limine [#67] is GRANTED IN PART and DENIED IN PART.

Government exhibits 307 (with proper foundation as to Defendant Ramis Kouza), 313 (with proper foundation for both Defendants), 319 (with proper

foundation for both Defendants), 327 (with proper foundation for both Defendants), and 332 (with proper foundation as to Defendant Ramis Kouza) are admissible against Defendants. The amount of estimated overpayment and the invoice reconciliation spreadsheets are inadmissible. The parties shall draft a limiting instruction.

Government exhibits 306, 315, 321, 325, and 331 are inadmissible.

Government exhibits 303-304, and 311 are inadmissible against Defendant Raad Kouza. Government exhibits 302, 309-310A, 317, 324, 328 and 329 are admissible against Raad Kouza as opposing party statements. The parties shall draft a limiting instruction concerning exhibits 302, 309-310A, 317, 324, and 328.

Government exhibits 302-304, 309, 310A-311, 317, 324 (admissibility of 324 may be revisited dependent upon the Government's proofs at trial), and 328 are inadmissible against Defendant Ramis Kouza. Government exhibit 329 is admissible against Ramis Kouza as a co-conspirator statement pending the Government establishing the conspiracy by a preponderance of the evidence.

Government exhibits 301, 305, 308, 312, 314, 316, 318, 320, 322-323, 326, and 330 are withdrawn.

SO ORDERED.

Dated: October 3, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 3, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager